IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL RAY GALLOW, JR.,**

    **Plaintiff,**

    v.                                         **CASE NO. 21-3021-SAC**

**CHARLES RICE, et al.,**

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On February 8, 2021, the Court entered an Order (Doc. 5), granting Plaintiff leave to proceed *in forma pauperis* and assessing an initial partial filing fee calculated under 28 U.S.C. § 1915(b)(1). The Court ordered Plaintiff to submit the fee or any objection by February 22, 2021. The Order provides that "failure to pay the fee as directed may result in the dismissal of this matter without further notice." The Court's Order was mailed to Plaintiff at his current address of record and was returned as undeliverable, noting that Plaintiff is no longer at the facility. (Doc. 6.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to submit the initial partial filing fee or an objection by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to

comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS SO ORDERED**.

Dated February 23, 2021, in Topeka, Kansas.

                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**